IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED & FILED
CLERK'S OFFICE

MAR 1 2 2026

US DISTRICT COURT
SAN JUAN, PR

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CARLTON DOWE,<br>Defendant. | **INDICTMENT**<br><br>Criminal No.: 26-084 (PAD)<br><br>NINE COUNTS &<br>FORFEITURE NOTICE<br><br>Counts 1-4: 18 U.S.C. § 1344<br>Counts 5-8: 18 U.S.C. § 1014<br>Count 9: 18 U.S.C. § 1028A |

The Grand Jury charges:

**COUNTS ONE through FOUR**
**Bank Fraud**
**18 U.S.C. §§ 1344(1) and (2)**

On or about March 18, 2021, through on or about November 10, 2023, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court,

**CARLTON DOWE,**

the defendant herein, did knowingly execute a scheme and artifice to defraud and to obtain moneys, funds, credits, assets, securities, or other property owned by or under the custody or control of Banco Popular de Puerto Rico ("BPPR"), a financial institution insured by the Federal Deposit Insurance Corporation ("FDIC"), by means of material false and fraudulent pretenses, representations, or promises in violation of 18 U.S.C. §§ 1344(1) and (2).

**I.    THE SCHEME AND ARTIFICE**

1.    It was the scheme and artifice for **CARLTON DOWE** to enrich himself by defrauding BPPR and obtaining money under the custody or control of BPPR.

2.    As part of the scheme and artifice, **CARLTON DOWE** submitted loan applications to BPPR containing materially false information in order to refinance his existing mortgages loans.

3.    As part of the scheme and artifice, **CARLTON DOWE** falsely stated his income in his loan applications and submitted fraudulent lease agreements.

4.    As part of the scheme and artifice, **CARLTON DOWE** submitted lease agreements with purported tenants that contained materially false information.

5.    As part of the scheme and artifice, **CARLTON DOWE** caused the submission of a forged signature of a purported tenant and real person on a fraudulent lease agreement in support of his loan application.

## II.    MATERIALITY

Each execution of the scheme and artifice constituted false and fraudulent pretenses, representations, or promises that were material in that they influenced and were capable of influencing BPPR's decision to approve loans.

## III.    EXECUTIONS OF THE SCHEME AND ARTIFICE

On or about the dates specified in each count below, in the District of Puerto Rico and within the jurisdiction of this Court, **CARLTON DOWE** did knowingly execute the scheme and artifice as particularly described in each count set forth below:

| Count | Date | Act In Execution |
|---|---|---|
| 1. | March 18, 2021 | False statements in support of BPPR loan application number 03000272081 |
| 2. | October 14, 2023 | False statements in support of BPPR loan application number 0300029600 |

2

| Count | Date | Act In Execution |
|---|---|---|
| 3. | November 6, 2023 | False statements in support of BPPR loan application number 0300029600 |
| 4. | November 10, 2023 | False statements in support of BPPR loan application number 0300029600 |

All in violation of 18 U.S.C. §§ 1344(1) and (2).

## COUNT FIVE
### False Statement on a Loan Application
### 18 U.S.C. § 1014

On or about March 18, 2021, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court,

**CARLTON DOWE,**

knowingly made a false statement and report and willfully overvalued land, property, and security for the purpose of influencing the action of Banco Popular de Puerto Rico ("BPPR"), a financial institution insured by the Federal Deposit Insurance Corporation ("FDIC"), in connection with an application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, and loan in that the defendant falsely stated that he was to earn an expected monthly payment of $4,500 from a lease agreement with M.N. in a willful false statement of his income when in truth and fact, as the defendant well knew, M.N. was not leasing any property from the defendant. All in violation of 18 U.S.C. § 1014.

3

## COUNT SIX
### False Statement on a Loan Application
### 18 U.S.C. § 1014

On or about October 14, 2023, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court,

### CARLTON DOWE,

knowingly made a false statement and report and willfully overvalued land, property, and security for the purpose of influencing the action of Banco Popular de Puerto Rico ("BPPR"), a financial institution insured by the Federal Deposit Insurance Corporation ("FDIC"), in connection with an application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, and loan in that the defendant falsely stated that he was to earn an expected monthly payment of $15,500 from a lease agreement with J.P. in a willful false statement of his income when in truth and fact, as the defendant well knew, J.P. was not leasing any property from the defendant. All in violation of 18 U.S.C. § 1014.

## COUNT SEVEN
### False Statement on a Loan Application
### 18 U.S.C. § 1014

On or about November 6, 2023, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court,

### CARLTON DOWE,

knowingly made a false statement and report and willfully overvalued land, property, and security for the purpose of influencing the action of Banco Popular de Puerto Rico ("BPPR"), a financial institution insured by the Federal Deposit Insurance Corporation

("FDIC"), in connection with an application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, and loan in that the defendant falsely stated that he was to earn an expected monthly payment of $15,500 from a lease agreement with J.P. in a willful false statement of his income when in truth and fact, as the defendant well knew, J.P. was not leasing any property from the defendant. All in violation of 18 U.S.C. § 1014.

**COUNT EIGHT**
**False Statement on a Loan Application**
**18 U.S.C. § 1014**

On or about November 10, 2023, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court,

**CARLTON DOWE,**

knowingly made a false statement and report and willfully overvalued land, property, and security for the purpose of influencing the action of Banco Popular de Puerto Rico ("BPPR"), a financial institution insured by the Federal Deposit Insurance Corporation ("FDIC"), in connection with an application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, and loan in that the defendant falsely stated that he was to earn an expected monthly payment of $15,500 from a lease agreement with J.P. in a willful false statement of his income when in truth and fact, as the defendant well knew, J.P. was not leasing any property from the defendant. All in violation of 18 U.S.C. § 1014

## COUNT NINE
### Aggravated Identity Theft
### 18 U.S.C. § 1028A

On or about March 18, 2021, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court,

**CARLTON DOWE,**

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit bank fraud in violation of 18 U.S.C. § 1344 and false statements on a loan application in violation of 18 U.S.C. § 1014, knowing that the means of identification belonged to another actual person, to wit the name and signature of M.N. All in violation of 18 U.S.C. § 1028A.

### FORFEITURE NOTICE
### 18 U.S.C. § 982

Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to 18 U.S.C. § 982(a)(2), in the event of any defendant's conviction for the offenses set forth in this Indictment.

Any defendant so convicted shall forfeit to the United States of America any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of such violation.

The property to be forfeited includes, but is not limited to, a sum of money in United States currency representing the amount of property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of said offenses.

6

Pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), and 18 U.S.C. § 982(b)(2), any defendant so convicted shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

TRUE BILL

FOREPERSON
Date: ___12 - III - 2026___

W. STEPHEN MULDROW
United States Attorney

Seth A. Erbe
Assistant United States Attorney
Chief, Financial Fraud and Public
Corruption Division

Linet Olinghouse
Assistant United States Attorney

7